Ellen Valentine et al. vs. McGrath, Tweed & Co.

1. Chancery Practice : *Cross-bill. Fees of counsel. Case in judgment.*
   Complainants filed their bill to enjoin execution sale of lands, setting up title in themselves. Defendants answered, and made their answer a cross-bill, charging fraud on the part of complainants in procuring title, etc. They succeeded in the litigation, whereupon the court appointed a commissioner to sell the land and pay the judgments, and also decreed payment of $1,200 fees to solicitor of the defendant in the injunction bill. *Held*, that the chancery court has no authority to authorize the commissioner to pay the fees of counsel for defendants in the injunction bill out of the proceeds of the sale of the lands.

2. Same : Same : *Relief.*
   When a party goes into a court of chancery to arrest the sale of lands under

execution, claiming title to the lands, he voluntarily subjects himself to all the incidents of a chancery suit, and may not only be defeated in his claim asserted by his bill, but to be met by a cross-bill seeking affirmative relief; and, when he is met by cross-bill charging him with fraud in procuring deeds to the land, he cannot be heard to say that the proper parties to the deeds were not before the court; and if the charge of fraud as set up in the cross-bill be sustained, the original complainant may be perpetually enjoined, and this would not affect the rights of parties to the deeds who were not before the court.

APPEAL from the Chancery Court of *Jefferson* County.

Hon. J. M. ELLIS, Chancellor.

Appellees held a judgment against C. E. Dobyns. They sued out an execution and levied on the land in controversy. Appellants enjoined the sale, claiming that the land belonged to them, and that the sale would be a cloud upon their title. They derain title as follows: A deed from C. E. Dobyns to H. C. Dobyns, June 13, 1866, recorded July 2, 1866; a deed in trust from C. E. Dobyns and H. C. Dobyns to David Harrison, as trustee, to secure two notes of the grantors to Given, Watts & Co. for $3.500, filed for record March 25, 1867. The notes were transferred by Given, Watts & Co. to J. S. Dohan July 2, 1867, who transferred the same to J. S. Hodge for value.

The trustee sold the land; Hodge purchased and took deed June 28, 1869, recorded June 29, 1869. H. C. Dobyns was declared a bankrupt; his interest in the land was sold, and purchased by Hodge, April 2, 1869, recorded in March, 1871. J. S. Hodge conveyed to Ellen Valentine and Emma Dohan, complainants, October 31, 1871. In March, 1870, J. S. Hodge recovered the land of C. E. Dobyns, in ejectment, and was put in possession; was in possession when he conveyed to complainants, who went into possession under his deed and have been in possession ever since.

Injunction was granted and sale enjoined. Other judgment creditors came in and were made parties to the bill, to wit, Eli R. Jones, assignee of a judgment of Griffin & Lewis *v.* C. E. Dobyns, rendered March 28, 1867.

A demurrer was filed, overruled, and appeal prosecuted.

Appellees answered, making their answer a cross-bill, assailing for fraud each of the above conveyances, and the judgment in ejectment of J. S. Hodge v. C. E. Dobyns, and prayed to set aside the judgments referred to a commissioner to compute amount due, and that the land be sold to pay judgments and costs—*making appellants alone parties thereto*.

Demurrer was filed, overruled, and answer required.

They answered, denying the fraud and want of consideration as charged. In August, 1873, the appellants moved to amend their answer to the effect that they would insist at the hearing, as if set up by special plea, the want of parties to authorize a final decree, to wit, for the want of David Harrison, trustee, C. E. Dobyns and Harry Dobyns, D. J. Dohan, executor of J. S. Dohan, E. E. Norton, assignee in bankruptcy, and J. S. Hodge; which motion was overruled and exceptions filed.

The evidence is omitted here because much of it affects parties not before the court. The court decreed that the deeds were void, and also the judgment in ejectment against C. E. Dobyns was void for fraud, and decreed a sale of the land to satisfy the judgments of complainants against C. E. Dobyns, and $1,200 to defendants' solicitors.

And the case comes to this court on appeal.

The errors assigned are substantially as follows:

1. The court erred in overruling appellants' demurrer.

2. In overruling motion to amend their answer.

3. In annulling and holding for naught the deeds mentioned in the cross-bill without having the grantors or grantees before the court.

4. In holding for naught the judgment in ejectment in favor of J. S. Hodge v. C. E. Dobyns when neither of said parties were before the court.

5. In ordering the payment of the judgments when the defendants therein were not parties to the proceedings in which this was done.

6. In rendering a final decree not warranted by the evidence

in the case, and in taxing appellants with the fee of solicitors for appellees.

*H. Cassidy*, for appellants :

Argued the facts at great length ; insisted that the parties to the deeds who were materially affected by the decree were necessary parties, and were not before the court cited. Shaw *v.* Millsaps, 50 Miss., 380 ; Thomas *v.* Neely, 50 Miss., 310 ; Winn *v.* Meachum, 50 Miss., 34.

*Berry & Drake*, for appellees :

Commented on the facts in the case *in extenso;* insisted that the deeds, being made and executed on Sunday, were void. 38 Miss., 344 ; Watts (Pa.), 231. The putting a deed upon record in a manner not authorized by law is not a registration. 12 S. & M., 262 ; Leading Cases in Equity, 178, 179.

The purchaser at bankrupt sale takes only such title as the bankrupt had. James' Bkt. Law, pp. 32–36 ; 7 S. & M., 586. A party coming into court asking to remove cloud from title must come with clean hands. 13 S. & M., 338 ; 44 Miss., 662, 663, 666, 667.

The jurisdiction to suppress frauds reaches judgments and executions as well as deeds. Code, § 358 ; 40 Miss., 357–359. As to badges of fraud, see Bump, 76–98 ; 24 Miss., 137 ; 35 ib., 201 ; 34 ib., 576 ; 27 ib., 277 ; 23 ib., 77 ; 14 S. & M., 42 ; 6 ib., 647 ; 4 ib., 57 ; 8 ib., 306 ; 11 ib., 544 ; 13 ib., 348.

Parol evidence is admissible to show that a deed is void for fraud. 41 Miss., 620 ; 46 ib., 672 ; 1 Greenl. Ev., 284.

CAMPBELL, J., delivered the opinion of the court.

Judgment creditors were about to sell under execution certain land, when appellants enjoined them, claiming to have acquired the land by successive conveyances from the judgment debtor. The judgment creditors who were thus enjoined answered the bill, and made their answer a cross-bill, in which they aver that the claim set up to prevent the sale under execution is a fraudulent one, having been marked

by fraud from its inception through the successive conveyances down to complainants in the injunction bill, who were mere volunteers, having paid nothing for the deed made to them. The cross-bill was answered, and the cause progressed to final hearing on pleadings and evidence, and resulted in a decree ascertaining that all the several links in the chain of title, from complainants in the injunction bill to the defendant in the executions, were rotten with fraud, and, therefore, null and void *as against said judgment creditors,* and that the lands levied on are liable to the judgments; wherefore it was ordered that the sheriff, as a commissioner of the chancery court, should sell the land levied on and described in the pleadings, and, out of the proceeds, pay costs and $1,200 allowed the solicitors of defendants to the injunction bill (the judgment creditors) as a reasonable fee in the case, and pay the judgments; and appellants are perpetually enjoined and restrained from asserting title to said land by virtue of their title, as set up in their said bill for injunction, against the purchaser under this decree.

The solicitors' fee of $1,200 above mentioned is by the decree made a charge on complainants as well as upon the proceeds of the land aforesaid.

We are unwilling to disturb the conclusion reached by the chancellor as to the facts of this case. The secrecy, the circuity, and indirection, and the inexplicable mystery which marked the history of the title from the first fraudulent conveyance, excite a suspicion which points very strongly to the view held by the chancellor, and we cannot say he was wrong in his finding upon the facts.

The decree is erroneous in the allowance of a fee to counsel for defendants to the injunction bill. We do not know of any warrant for such allowance.

It is claimed by counsel for appellants that the decree is erroneous because based on evidence of the fraudulent character of deeds and other muniments of title, which evidence was taken in this cause, to which the parties to such deeds and

muniments are not parties and could not be, and therefore all evidence of the fraudulent character of these deeds, etc., should go for nothing as affecting persons not parties to this suit; and the case of Shaw et al. *v.* Millsap et al., 50 Miss., 380, is relied on as supporting this view.

The court does not so understand the case cited. The precise point decided in it is that a deed cannot be decreed to be canceled without having the parties to the deed or their heirs before the court. But it was expressly declared that the defendant to the injunction bill might defeat complainant's claim by showing that the deeds under which she claimed to enjoin were tainted with fraud, and therefore she could not maintain her bill. That is precisely what was done in the case at bar. In this case the decree directs a sale of the property under direction of the chancery court, and perpetually enjoins complainants in the injunction bill from asserting title, under the fraudulent conveyances by which they derain title, against the title conveyed by the chancery sale to be made. This is proper. The appellants went into the chancery court to arrest the sale under executions of the land they claimed. They called on defendants to answer their bill. They thereby voluntarily subjected themselves to all the incidents of a chancery suit. One of these is not only to be defeated in the claim asserted by the bill, but to be met by a cross-bill seeking affirmative relief. The judgment creditors, stayed from selling the land by execution, and called to say why they should not be perpetually stayed, answered that complainants had no valid title, but one tainted by fraud and worthless against the claim of judgment creditors; and they in their turn became complainants seeking the aid of the court, and asked that complainants in the original bill might be perpetually enjoined from making claim to this land, and that the court into which they had been called should sell the land and distribute the proceeds, and it is so ordered. The case cited and relied on does not hold that this cannot be done. The decree ordered by the opinion in that case to be entered in lieu of that reversed was the same in legal effect, *as between the parties to that suit,* as if

the fraudulent deeds had been canceled. The decree in this case, directing the land to be sold and declaring that appellants shall never assert the title litigated in this suit against the purchaser at the sale, is but expressing what would be the legal effect of a decree dismissing the bill of appellants upon a hearing of it on the merits. The only difference in the effect of a dismissal of the bill and the decree entered is that, upon a dismissal of the bill, the judgment creditors would be remitted to their execution to sell the land, whereas the decree orders it to be sold and the proceeds to be applied under the direction of the court. Appellants, having sought the chancery court, cannot be heard to complain successfully of the adverse result of this litigation inaugurated by them. All the parties necessary to the decree made are before the court. Their rights are concluded by the decree. If any one not a party to the suit has any right or interest in any of the deeds or other muniments of title declared void as between the parties to this suit, his right is wholly unaffected by this decree. We approve the decree except in so far as it decrees payment of $1,200 to solicitors of defendants to the bill for injunction.

So much of the decree as directs the payment of the fee to solicitors is reversed, and in all other respects the decree is affirmed. Appellants to recover costs in this court, including cost of transcript, but to be taxed with all taxable costs in the chancery court.