MIMS *v.* SWINDLE.

[87 South. 151, No. 21382.]

INJUNCTION. *What attorney's fees defendant entitled to, on dissolution of injunction, stated.*

The damages to which a defendant is entitled under section 610, Code of 1906 (Hemingway's Code, section 370), on the dissolution of an injunction, includes attorney's fees for procuring a dissolution of the injunction, but not attorney's fees for defending the suit on its merits, when the injunction is a mere incident thereto, or for obtaining affirmative relief in the suit by means of a cross-bill.

APPEAL from chancery court of Sunflower county.

HON. E. N. THOMAS, Chancellor.

Suit by Walter Mims against Estes Swindle. Judgment for defendant was affirmed (86 So. 646), and defendant moves for an allowance of attorney's fees in defending the appeal. Motion overruled.

*Frank E. Everett,* for appellant.

The services rendered by counsel for appellee was in an effort to defeat the appellant's claim on his alleged contract on the merits of the case in a general defense to the suit and not in an attempt to dissolve the injunction.

Authorities. In 14 Ruling Case Law, at page 487, we find the rule stated thusly: "The fees recoverable are generally limited to those necessary in procuring a dissolution of the injunction, services rendered in making a general defense on the merits being excluded." A number of authorities are then cited by the author for this rule." The text then continues:

"Therefore, if a defendant, instead of attempting to remove the preliminary injunction, seeks rather to prevent the issuance of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees incurred is an incident to the suit, and is not recoverable as damages sustained by reason of the injunction. The author then gives instances of services which are related to the dissolution of the injunction and asserts that for such services, related only to the dissolution, counsel fees are allowable." He then continues with the text as follows:

"But if there is nothing to show what portion of the services were rendered in attempting to procure such dissolution, as distinguished from those rendered in general defense of the suit, there can be no recovery." The authority of *Curphy* v. *Terrell,* 89 Miss. 624, cited by counsel for the motion, is no authority here. In that case the appeal was to review the decree dissolving the injunction. In

that case there was an injunction against several people and a motion was made for its dissolution and was heard upon that motion, the injunction dissolved as to part of the defendants and retained until final hearing against the other defendants. See same case, 87 Miss. 282. From that decree there was an appeal and on its affirmance by this court a motion was made for attorney's fees. That case was heard and determined on the motion for dissolution of the injunction. This case, the case at bar, was not heard on motion to dissolve, but on the contrary, was heard and determined on its merits and the services of counsel were rendered in an effort to defeat the action of the plaintiff, on the merits of the case.

Therefore, no solicitor's fee is allowable in the present case and the motion should be overruled.

*Chapman & Johnson* and *Moody & Williams,* for appellees.

This cause was brought to this court seeking to maintain an injunction which had been dissolved by order of the lower court. All that was involved here was the maintenance of the injunction. The appeal was dismissed and the decree rendered below allowed to stand and attorneys are entitled to a reasonable fee for representing appellee in this court.

In the case of *Curphy* v. *Terrell,* 89 Miss. 624, the court quotes, with approval, from the case of *French Piano Company* v. *Forbes,* 32 So. 678, the following language: "In the injunction suit an appeal was taken by the defendant from the decree of the chancellor dissolving the injunction, and it is now contended by appellant here that there can be no recovery on injunction bond for attorneys' fees incurred by the plaintiffs on such appeal. The purpose of the appeal was to review and reverse the decree dissolving the injunction, and the reversal of the decree would necessarily reinstate the injunction. Attorney's fees incurred in resisting the effort to have the decree of dissolu-

tion set aside are as much the natural and proximate results of the issuance of the writ as are the fees incurred in procuring the dissolution in the first instance."

It is the precedent in this court to allow one-half of the fees allowed in the court below. See *Curphy* v. *Terrell, supra.* The lower court found that a reasonable fee in that court was three hundred fifty dollars; therefore, this court should allow a fee of one hundred and seventy-five dollars.

SMITH, C. J., delivered the opinion of the court.

The decree of the court below was affirmed by this court on a former day (86 So. 646), and the appellee now by motion requests the allowance of a fee for services rendered by his attorneys, incurred by him in defending the appeal. The original bill in the court below was exhibited by the appellant against the appellee, setting forth in substance that the appellant was in possession of certain land under a valid lease thereto from a former owner thereof, from whom the appellee purchased the land with notice of the appellant's lease; that the appellee was demanding possession of the land, and was threatening to resort to proceedings at law to evict the appellant therefrom; and prayed that he be enjoined from so doing. The appellee answered this bill, denying the appellant's right to the possession of the land, setting up his title thereto by a cross-bill, and prayed that the appellant's claim to possession of the land be canceled, that the appellee be decreed to be entitled to the immediate possession thereof, and that such process as might be necessary to put him in possession be issued.

No attempt was made before final hearing to dissolve the preliminary injunction that was granted to the appellant on the filing of his bill. The court below on final hearing held that the appellant was not entitled to the relief sought by him, but that the appellee was entitled to the cancellation of the appellant's claim to the land and to the immediate possession thereof. There was a decree accordingly, in which the injunction theretofore granted was dissolved.

124 Miss.—44

The damages to which the appellee is entitled because of the dissolution of the injunction are such only, under section 610, Code of 1906 (section 370, Hemingway's Code), as he may have sustained "by reason of the suing out of the said injunction." Such damages include attorney's fees for procuring a dissolution of the injunction (*Baggett* v. *Beard,* 43 Miss. 120; *Wynne* v. *Mason,* 72 Miss. 424, 18 So. 422), but do not include attorney's fees for defending the suit on its merits when the injunction is a mere incident thereto, (*Jamison* v. *Dulaney,* 74 Miss. 890, 21 So. 972; *Curphy* v. *Terrell,* 89 Miss. 624, 42 So. 235), or for obtaining affirmative relief therein by means of a cross-bill (*Valentine* v. *McGrath,* 52 Miss. 112; 2 High on Injunctions, 1630; 14 R. C. L. 486; notes, 16 L. R. A. [N. S.] 71, 33 L. R. A. [N. S.] 845, and 8 Ann. Cas. 715). If the appellee had simply obtained a dissolution of the injunction, so that he might proceed with his action at law, he would have been entitled to recover a reasonable attorney's fee therefor; but after the filing of his cross-bill the dissolution of the injunction became a mere incident to the suit, and really amounted to nothing, for the reason that the relief granted the appellee on his cross-bill was as full and complete as he could have obtained in a court of law. If the case of *Brooks-Scanlon Co. v. Stogner,* 114 Miss. 736, 75 So. 596, is in seeming conflict herewith, it will be sufficient to say that the question here under consideration was not there presented to the court for decision, for it appears from the original record therein that the appellee's right to attorney's fees in event the decree of the court below should be affirmed was not contested; the court being simply called on in that event to fix the amount thereof.

*Motion overruled.*