# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## OCTOBER TERM, 1921.

---

### HOWELL *et al v.* McLEOD.

[89 South. 774. No. 22010.]

INJUNCTION. *Attorney's fees not allowed where dissolution of injunction not sought until trial on merits.*

Where a bill is filed and an injunction issued and no effort is made to dissolve the injunction until the trial on the merits, attorney's fees to the defendant cannot be allowed, unless the relief sought was limited to injunction, or the whole relief was dependent upon the retaining the injunction.

APPEAL from chancery court of George county.
HON. V. A. GRIFFITH, Chancellor.

Suit by W. W. Howell, as administrator of the estate of Thomas Howell, deceased, and others, against R. D. McLeod. Decree for the defendants, and the plaintiff appeals, and defendant brings cross-appeal. Reversed in part and affirmed in part on direct appeal, and affirmed on cross-appeal.

*O. F. Moss,* for appellants.

There was no effort made to dissolve this injunction in vacation but there was an agreement to try the cause on its merits, and no motion was made to dissolve the injunction until the cause came for hearing on its merits. Judge DENNY went to Wilmer to take testimony to be used on the

(1)

final hearing of this cause. The main object of this suit was to cancel McLeod's timber contract and the injunction asked for and obtained was a mere incident thereto.

The case of *Mims* v. *Swindle,* 87 So. 151, and the authorities there cited are against appellee as to the allowance of attorney's fee in this case, and shows conclusively that the lower court erred in allowing appellee's attorney two hundred and fifty dollars for dissolving the injunction, which was not dissolved until the cause came on for hearing on its merits.

We neither admit nor deny in this brief whether said two hundred and fifty dollars allowed as attorney's fee has been paid or not, but we submit that this cannot be raised by counsel in their briefs, and if they will plead payment of this, we will promptly demur to said plea.

It makes no difference whether the judgment is paid or not, since the judgment may be reversed notwithstanding payment or satisfaction, and the amount paid recovered. *Gordon* v. *Gillis,* 3 S. & M. 473.

Appellee showed no damages on the trial of this cause, unless he can be allowed attorney's fee for the dissolution of the injunction, and there is absolutely nothing in the cross-appeal. He had no binding contracts at the time he shut down the mill on which he could realize. He admits himself that he could not have run longer profitably on account of the low price of lumber.

*Wells, Stevens & Jones,* for appellee.

The allowance of an attorney's fee in this case was proper. The chancellor in dissolving the injunction allowed Judge DENNY the small fee of two hundred and fifty dollars for representing the defendant. Counsel for appellants, on page two of his brief, makes the following statement: "A preliminary injunction was prayed for and obtained but no motion or effort was made to dissolve said injunction until the cause came on for final hearing on its merits."

This statement is not altogether correct. On page 33 of the record is a motion to dissolve the injunction filed August 31, 1920. Soon after the bill of complaint was filed and attached to this motion is a written suggestion of damages to which counsel for appellants responded in writing. There was an agreement to hear this motion to dissolve September 3, 1920, in vacation of the court, and in preparation for this trial, Judge DENNY went to large expense and the motion was not presented, simply because counsel for appellants was not ready. The purpose of an injunction bond is to take care of the damages that naturally and necessarily follow the wrongful suing out of the writ. It cannot be successfully denied that the wrongful suing out of the injunction in this case put Mr. McLeod to extraordinary expense and that this counsel went to extra expense in trying to have the injunction dissolved in vacation. There was at least an honest effort to dissolve in vacation. The chancellor had a right to take all these facts into consideration when he came to adjust all the right of the parties on final hearing. Our contention therefore is that the chancellor had a right to award an attorney's fees in this case even though the motion to dissolve was not heard until final hearing and was then heard and disposed of. The dissolution related to the time the motion was filed and the chancellor had a right to consider the extra expense and the fact that the attorney for the defendant was justified in charging a larger fee because of the trouble and expense he had been put to in vacation in trying to get a hearing which he was entitled to and in trying to get a decree in vacation which the court finds he was entitled to. Equity is with the appellee on this point. In the testimony could be found some questions propounded by counsel on both sides in reference to this effort to dissolve this injunction on September 3rd.

But aside from the fact that the motion to dissolve the injunction was filed in vacation but not heard until the cause was disposed of on its merits, our contention is that this is a proper case for the allowance of an attorney's fee

even on final hearing. The court must look at the situation of the parties and the object to be accomplished by the bill. McLeod had a contract to cut and pay for the timber by the month and was gradually taking the timber off the land. The object of the bill primarily was to stop him from cutting the timber. If you strike out of the bill, the prayer for an injunction, then the complainants would have no kind of case. It would be useless to litigate questions of mental weakness or undue influence when the timber is all gone. There would be nothing to litigate over unless appellee should be restrained from cutting the timber. This is a case where an injunction was the main relief prayed for and the only grounds of the bill were advanced in support of the injunction.

Counsel relies upon the recent case of *Mims* v. *Swindle*, 87 So. 151, decided by Division A. But the Mims case is easily differentiated from the case at bar. In the Mimms case there was a cross-bill and the main issue between the parties arose on the cross-bill. The defendant in that case did not rely upon defensive tactics but elected to adopt the chancery court as to forum for bringing forward his affirmative relief by way of cross-bill and having done so the court held that he should pay his own counsel.

In *Jamison et al.* v. *Dulaney*, 74 Miss. 890, the headnote reads: "Where a suit in equity is alone for injunction, and its insurance is preliminarily obtained, and it is afterwards dissolved, the complainant being cast in the suit, the defendant is entitled to recover attorney's fee necessarily incurred in defending the whole case."

In the Jamison case there was an injunction to restrain the town of Houston from issuing four thousand dollars of bonds. As stated by Judge WHITFIELD in the opinion: "The only relief prayed was the injunction, and the validity or invalidity of the whole issue of bonds was put, by the bill, directly in issue. As said in *Hammerslough* v. *Kansas City*, 79 Mo. 87: 'It is true the services were assessed as covering the whole case, but a trial of the motion to dissolve must have brought up all the material issues of the

case and rendered it necessary to dispose of the whole case on the motion.' The best announcement of the rule we have seen is in *Thomas* v. *McDonald,* 77 Iowa, 302, where the court says: 'The sole question before us, is whether the services rendered in answering the petition and defending on the trial were services in defending against the injunction.' This depends upon whether the case was an independent proceeding for injunction alone, or whether the injunction was a mere auxiliary to a proceeding for other relief. The relief asked was that the sale be enjoined (just as in the case at bar), and for such other and further relief as the petitioner is entitled to. The allegations of the petition did not entitle the petitioner to any other relief than injunction. Strike the prayer for injunction, and the allegations upon which it is asked, from the petition, and there is no case left. True, the relief asked in this case depends upon the question of title but that does not change the fact that it is an independent proceeding for injunction only."

Judge WHITFIELD also referred to 2 High on Injunction, section 1686; 1 Beach on Injunction, section, 203, note 4; *Bolling* v. *Tait,* 65 Ala. 428.

The court will observe that in the Iowa case, just quoted from by Judge WHITFIELD, the question of title was involved but the court took the position that although the relief prayed for depended upon a question of title, that this did not change the essential character of the suit. It was after all a bill for an injunction and if the complainants were not entitled to an injunction, they were not entitled to anything. That is exactly the situation in the case at bar. The main object of the bill was an injunction to restrain the cutting of timber that had not been taken and to forfeit the defendant's rights to any further cutting. A motion to dissolve this injunction in vacation would have brought into review the merits of the whole case and a decision on the motion in vacation would have necessarily

decided the question of title and the merits of the whole case. Judge WHITFIELD reannounced the proper doctrine in *Curfey* v. *Terrell,* 89 Miss. 62.

ETHRIDGE, J., delivered the opinion of the court.

Thomas Howell, deceased, executed a deed to timber on certain lands to the appellee, R. D. McLeod, at and for the sum of five dollars per thousand feet. The contract or deed in question contained the following provision:

"Said payments for said timber shall be made on the first day of each month hereafter, and in case all timber removed from said land be not paid for on the first day of each month hereafter as aforesaid, then and in that case that part of this contract with reference to the sale and conveyance of said timber shall become void and of no effect and the title to all of said timber not cut and removed and still standing and being on said land shall revert to the grantor herein."

Thomas Howell died in February, 1920, when two payments had been made to him under this contract, one being on the 2d of the month. Thereafter payments were made to his administrator (some being actually made after the 1st of the month, but dated on the 1st and accepted by the administrator), one of the appellants, until this bill was filed, attacking the said conveyance on the ground that Thomas Howell, deceased, was mentally incompetent to execute a deed, and also that he executed it, if competent at all, under the undue influence of his grandson, Frank Howell.

It is also alleged that the payments provided in the contract were not promptly made on the 1st day of each month, and that for that reason the title had reverted to the grantor. It is further alleged that some of the timber cut was improperly scaled, and that some of the logs were not scaled at all, and that some of them were sunk into the stream on which the mill was situated, and had never been paid for at all. The bill prayed for the cancellation of the deed and

for a forfeiture under the terms of the contract and for noncompliance with its terms. The answer denied the material allegations of the bill and a motion was filed on the 31st day of August, 1920, to dissolve the injunction, and notice was given that the motion would be heard on the 3d day of September. The motion, however, was continued on agreement of counsel, and it was never set down until the cause came on for hearing at the regular term of court on the merits. There was a conflict of testimony as to the issues made by the bill.

The chancellor found that while some of the logs had never been measured and paid for, and while perhaps some of them had not been measured, that there was not sufficient evidence for him to grant relief, as there was a total failure on the part of the complainant to prove the value of any of the logs that were sunk or improperly scaled, or any sufficient data upon which a judgment could be founded. He also held that the proof was insufficient to sustain damages for the suing out of an injunction, and allowed attorney's fee of two hundred and fifty dollars for the wrongful suing out of the injunction.

The proof of damages for the wrongful suing out of the injunction showed that the defendant had a contract for certain lumber and cross-ties at fixed prices, and also showed that he could make a profit and the amount of such profit but it failed to show how much of the contract had been filled and also failed to show how much of the timber remained uncut at the time of the suing out of the injunction, and how much would have been cut within the time covered had not the injunction been sued out. The defendant showed, also, that he employed two men, or had two men employed at the time of the suing out of the injunction whose services he retained at one hundred dollars per month each; but the proof also shows that these men did certain work, and earned something during this period of time, but does not show how much they earned or what money they made in other work for the complainants and other persons.

We think that the chancellor was justified in holding the proof was insufficient on the part of the complainants to make out the allegations of the bill, and that the proof of damages for the wrongful suing out of the injunction was also insufficient to sustain the contention of the appellee and cross-appellant upon that issue, except as to the attorney's fees. As to this item, which was allowed by the chancellor, we find that there was no motion heard prior to the trial on the merits, and that the trial on the merits involved issues other than injunctive relief. In other words, the issues presented by the bill do not present a case where injunction is the sole relief sought, but in this case the injunction was an incident to the relief prayed, which was a cancellation of the deed or the declaring of a forfeiture in the case above set forth.

In the recent case of *Mims* v. *Swindle,* 124 Miss. 686, 87 So. 151, this court decided that an attorney's fee for deciding a case on its merits, when an injunction is a mere incident thereto, is not allowable against a complainant. For this reason the judgment will be reversed as to the allowance of attorney's fees, but affirmed in all other respects on direct appeal, and will also be affirmed on the cross-appeal; the costs to be equally divided between the appellants and the appellee.

*Reversed in part and affirmed in part on direct appeal; affirmed on cross-appeal.*