STAPLE COTTON CO-OP. ASS'N *v.* BUCKLEY.*

(Division A.   Jan. 18, 1926.)

[106 So. 747.   No. 25215.]

INJUNCTION. *Attorney's fee held not element of defendant's damages for wrongful issuance of injunction merely ancillary to relief sought in bill of complaint.*

Where an injunction, issued on a bill of complaint, is merely ancillary to the relief therein sought, and is dissolved only when the bill is dismissed on final hearing, and no services were rendered by the defendant's attorney in obtaining the dissolution of the injunction other than such services as were rendered in defending the case on its merits, an attorney's fee is not an element of the defendant's damages for the wrongful issuance of the injunction.

*Corpus Juris-Cyc. References; Injunctions, 32 C. J., p. 476, n. 9.

APPEAL from chancery court of Bolivar county, second district.

HON. S. I. OSBORNE, Special Chancellor.

Suit by the Staple Cotton Co-operative Association against W. E. Buckley. From a decree dismissing complainant's bill and awarding defendant an attorney's fee as damages for the wrongful suing out of an injunction, complainant appeals. Reversed in part, and affirmed in part.

*R. C. McBee,* for appellant.

At the time the injunction was sued out, it was rightfully sued out and the law is that "where an injunction was rightfully sued out . . . it is error to allow damages and attorneys' fees for filing an answer and motion to dissolve the injunction" even though the injunction was afterwards dissolved. *U. S. Fidelity & Guaranty Co.* v. *Jackson,* 123 Miss. 676. The only damages allowed were the attorneys' fees. This, we submit, should not have been allowed. When the relief prayed for is injunctive relief alone, then it is proper to allow solicitors' fees as damages, when the injunction is dissolved. But when the injunction is incidental, solicitors' fees should not be allowed. Griffith's Miss. Chy. Practice, sec. 464, citing *Howell* v. *McLeod,* 127 Miss. 1; *Valentine* v. *McGrath,* 52 Miss. 112.

*Shands, Elmore & Causey,* for appellee.

Our court has settled the proposition that where the bill is dismissed after answer filed, and motion to dissolve has been made, it is conclusive that the injunction was wrongfully sued out. *Yale* v. *Baum,* 70 Miss. 225; *Rubon* v. *Stephen,* 25 Miss. 253; *Alexander* v. *Wood,* 115 Miss. 169; *Trust Co.* v. *Fitz Patrick,* 71 Miss. 347. This is one of the few principles which seems to be uniformly adhered to by all the courts of the country in the matter

of an injunction, and is conclusive of the proposition that some damages should be allowed upon the dismissal of the bill.

It is unnecessary to cite any further authorities to sustain the proposition that upon the dismissal of the bill asking for an injunction by complainant that this is a final determination of the suit, and that it is the duty of the chancellor upon the request of a defendant who has given notice of his claim for damages to proceed to assess same, and that a reasonable attorney's fee for legal services in and about the dissolution of the injunction is a proper element of damage.

*R. C. McBee,* in reply, for appellant.

The only sort of damages proven or attempted to be proven by Buckley were for attorney's fees. No other sort of damages was alleged in his suggestion of damages. Therefore, no other kind of damages were pleaded or proven. The injunction was merely incidental. It was one of many kinds of relief claimed. The question before the court on this appeal is whether solicitor's fees should be allowed on the dissolution of such an injunction. This court has prescribed the condition under which attorney's fees may be allowed, and the only condition under which attorney's fees are allowed is where injunctive relief only is sought. This is the test. If other relief is sought and the injunction is incidental, then the attorney's fees are not allowable. Griffith's Miss. Chancery Practice, sec. 464; *Howell* v. *McLeod,* 127 Miss 1; *Valentine* v. *McGrath,* 52 Miss. 112.

In a case having as its basis the marketing agreement of the association, founded on the bill, which is almost a literal copy of the bill in this case, this court held: "There are two kinds of an injunction." *Staple Cotton Ass'n* v. *Borodofsky,* 104 So. 91. Referring to the case of *Derdeyn* v. *Donovan,* 81 Miss. 696, from the syllabus it appears that one kind is "the suit for other relief

than the injunction itself'' and the other kind is ''the suit for no other relief than by injunction itself.'' Under these authorities and under what we now take to be the well established rule of the court, no damages should have been awarded in this case.

Appellee cites *Yale* v. *Baum,* 70 Miss. 225. There the only relief sought was injunctive relief.

Argued orally by *R. C. McBee,* for appellant, and *A. W. Shands,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellant exhibited an original bill in the court below against the appellee, by which it sought to recover for an alleged breach by the appellee of a co-operative marketing contract made by him with the appellant, and to obtain the specific performance by the appellee of this contract. As an incident to this relief, and in furtherance thereof, the appellant prayed for and obtained a temporary injunction restraining the appellee from further violating his contract. This injunction remained in force, and no attempt to obtain its dissolution was made until the case came on and was set down for final hearing on bill, answer, and motion to dissolve the injunction, and for damages for its wrongful issuance. When the case was called for trial, the bill was dismissed on motion of the appellant, and the court awarded the appellee an attorney's fee as damages for the wrongful suing out of the injunction.

It does not appear from this record that any services were rendered by the appellee's attorneys in obtaining the dissolution of the injunction other than such as were rendered in defending the case on its merits. Consequently the issuance of the injunction did not cause the appellee to incur any liability for attorney's fees in excess of that which he necessarily incurred in defending the case on its merits, and the case is therefore ruled by

*Mims* v. *Swindle,* 124 Miss. 686, 87 So. 151; *Howell* v. *McLeod,* 127 Miss. 1, 89 So. 774, *Giglio* v. *Saia* (Miss.), 106 So. 513, and *Hunter* v. *Hankinson* (Miss.), 106 So. 514, decided January 4, 1926, but not yet [officially] reported. The attorney's fee should not be allowed.

The decree of the court below, in so far as it awards the appellee an attorney's fee as damages for the suing out of the injunction, will be reversed, and the appellee's motion therefor will be dismissed, but in all other respects the decree will remain in full force and effect.

*Reversed.*