HODGES *et al. v.* TRANTHAM *et al.*

(Division A. Nov. 26, 1934. Suggestion of Error Overruled Jan. 7, 1935.)

[157 So. 715. No. 31447.]

**Eugene P. Lacy,** of Booneville, for appellants.

**J. A. Cunningham,** of Booneville, for appellees.

Argued orally by **J. A. Cunningham**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Hill Hodges and many others, all taxpayers of Prentiss county, filed a bill in the chancery court of that county against Trantham, county superintendent of education, and H. C. Williams, chancery clerk, seeking to perpetually enjoin the former from issuing pay certificates, and the latter from issuing warrants, on certain school funds. The only relief sought was by way of injunction. A demurrer to the bill as amended was sustained; the taxpayers declining to plead further, the bill was dismissed, and from that decree the complainants in the court below prosecute an appeal here.

Briefly stated, the bill charged that during the scholastic year of 1932-33 the state board of education allotted

to Prentiss county from the equalizing fund of Mississippi the amount of eighteen thousand dollars, pursuant to an appropriation by the Legislature. That this fund was designated by law to be used for the extension of the public school terms after the four months constitutional free-school term had been taught, and that said fund could not be used to maintain the public schools of the county for and during this four months term, which was required to be maintained out of the common school fund as provided by the Constitution. It then alleged that during the scholastic year 1932-33 said county superintendent of education had issued pay certificates, and the chancery clerk had issued warrants, drawn on this fund and had completely exhausted the fund and all other funds appropriated to maintain the common schools of the county, which were to be county maintained for a term of only four months. In other words, the eighteen thousand dollars had been exhausted by these officials in the maintenance of the four months' term.

Complainants further alleged "that the said equalizing fund is a fund created and authorized by statute in Mississippi, and has existed for a good number of years, and that Prentiss county, being one of the poorer counties of said state, has received an allotment from said fund each year since the creation of said fund; and that said Prentiss county should receive and expects to receive said fund in the future for the purpose of extending school terms in said county as provided by law." They further alleged, in substance, that they believed the officials named would continue to violate the law unless the court should restrain them by injunction.

The gravamen of the whole case is that the officials authorized to disburse county school funds had violated the Constitution of the state, specifically sections 205 and 206 in conjunction with section 201; that funds appropriated from the so-called revolving or equalizing fund for the purpose of extending the school terms be-

yond and for more than four months could not be used lawfully to maintain the four months' term required by section 205 of the Constitution of 1890.

We point out that at the threshold of this case we are met with the fact that at the time this bill was filed no funds of any kind are alleged to have been under the control of the officials complained of, neither is it shown that there ever will be any such funds, nor, at the time the bill was filed, that the anticipated taxes and other sources of revenue would be insufficient to operate the public free schools of Prentiss county for more than four months without resorting to the so-called equalizing or revolving fund. In this situation there was no threatened violation of the Constitution nor of the rights of the taxpayers. So far as the allegation that these funds had been unlawfully appropriated prior to the filing of the bill there could be no relief, because equity will not grant a preventive injunction in such case.

Section 6551, Code of 1930, directs that the Legislature *shall* provide an equalizing fund, but that is binding on the Legislature only so long as it sees fit to allow it to stand unrepealed. In November, 1933, the court could not presume that the Legislature would enact a statute appropriating funds to this purpose, nor could it assume that the state board of education, composed of the state superintendent of education, the attorney-general, and the secretary of state, would appropriate funds to Prentiss county, and that when so appropriated the county officials would wrongfully administer it. There is no allegation that these officials had threatened to continue their alleged unlawful course. There is no allegation in this bill that there is a threatened or actual danger of the unlawful act being repeated. Injunction might have been the remedy in the case at bar if and when these officials were about to unlawfully issue the evidences of debt against the fund in existence. Hunter v. Hankinson, 141 Miss. 279, 106 So. 514. An injunction will never issue to

protect a right not in existence and which may never arise, nor upon a state of facts which does not give rise to a cause of action. The bill in this case was entirely too indefinite in this regard, and the chancellor correctly sustained a demurrer thereto.

We must not be understood by this opinion to have considered in any manner the question of whether or not the equalizing fund appropriated by the state board of education could be appropriated to the maintenance of the four months' term of common schools which is contemplated by section 205 of the Constitution of 1890. We express no view on that subject.

Affirmed.