COLEMAN *v.* LUCAS.

In Banc. April 11, 1949.

(39 So. (2d) 879)

In Banc. June 13, 1949.

(41 So. (2d) 54)

**Smith & Jones,** for appellants.

W. W. Simmons, and B. A. Green, for appellees.

**Roberds, J.**

The deciding question in this case is whether the circuit judge had the power to appoint election commissioners

and call an election to determine whether municipal officials should, or should not, be recalled.

The question is presented under this state of facts. Appellees were the duly elected, qualified and acting mayor, aldermen, city clerk and treasurer of the Village of Winstonville, Mississippi. One alderman had been appointed tax collector. Petitions of the qualified electors of the village, sufficient in substance and form, were presented said officials, asking that an election be called to determine whether they should remain in, or be removed from, office. They wrongfully, but prudently, refused to call the election; whereupon the matter was presented to the circuit court upon a bill of exceptions, who, by judgment dated November 14, 1945, ordered the election to be held and appointed commissioners to hold and conduct it. The election was held, resulting in twenty-seven votes for removal from, and six votes for remaining in, office. There being six offices involved, it does not do violence to logic to assume that each encumbent voted for himself and his fellow-office holders. The system of voting for one's self possesses, at least, the consoling assurance a candidate will get one vote. The Governor commissioned others to take the places of the old officials. However, said officials would not vacate. They continued in office, performing all the duties thereof. Assessment and levy of municipal taxes were made for 1944 and 1945, and during the years 1945 and 1946 some sixty-one lots, the property of complainants, appellants here, were sold for non-payment of village taxes, ten to individuals and some fifty-one to the village. The owners of these lots filed the bill in this cause, seeking an injunction, temporary and permanent, restraining appellees from exercising any functions as municipal officials of the village, especially in the assessment and sale of property for taxes, and to have the former assessments and sales declared null and void, and to remove, as clouds upon their titles, the records of the sales which had been made.

The chancellor, in this cause, held that the circuit judge had no power to order an election and appoint commissioners to hold it; that this power was vested exclusively in the Governor of the State under Section 3778, Code 1942, and that the recall election was void; that, therefore, the old officials were yet legally in office, performing the duties thereof, and that the tax sales were valid, but the time for redemption had not expired when the bill was filed, and the owners were given sixty days after the date of the decree within which to redeem the lots from the sales. The parties have agreed that the determining question is whether the circuit judge had the power to order the election and appoint commissioners to hold and conduct it.

Section 3374, Code 1942, empowers the qualified electors of a municipality to recall its officials at a special election held to determine that question. That section, and Sections 3775 and 3776, prescribe the requirements for calling such election. Briefly, those requirements are the filing with the municipal officials of a petition, or petitions, signed by at least twenty-five percent of the qualified electors of the municipality, setting out the grounds for removal and recall, duly verified by oath; whereupon it is the duty of the officials to call the election. However, if they do not do so, Section 3778 prescribes what shall then be done. That section reads: "Should the board of any municipality fail to act on any petition for either the initiative or the referendum within sixty days or on a petition for recall within thirty days after the filing of such petition, then the petition may be presented to the governor of the state, who shall at once order an election according to the terms hereof." In this case no petition was filed with, or request made of, the Governor asking him to order an election.

In 50 Am. Jur. 593, Section 596, appears this rule of construction: "It is an established principle, that if a statute creating a new right or cause of action where

none existed before, also provides an adequate remedy for the enforcement of the right created, and the statutory remedy is not by its terms cumulative, the remedy thus prescribed is exclusive. In such case, such remedy must be pursued in the enforcement of the right to the exclusion of any other remedy.''

██ ██ The initiative, referendum and recall law was first enacted as Chapter 158, Miss. Laws 1914. It not only provides for the recall of municipal officials, but also for the initiation, enactment and repeal of legislation by direct vote of the electors. It creates and confers new and unusual rights, and prescribes a unique method for their exercise. The manner of calling the election is not cumulative. It is exclusive. No power is conferred upon a circuit judge to appoint election commissioners and order them to call and conduct an election. The power to order the election is exclusively with the Governor. It follows that the decree of the chancellor was correct. Appellants are given ninety days from the date of judgment herein within which to redeem the lots from the tax sales.

Some question is raised as to the amount of the solicitor's fee allowed for the wrongful suing out of the injunction. The chancellor was amply justified, under this record, in the allowance made by him.

Affirmed.

On Suggestion of Error.

## Alexander, J.

This suggestion of error is directed particularly to our affirmance of the chancellor's award of solicitor's fees allowed upon the dissolution of the injunction, although we have re-examined the whole matter. Counsel for appellants raised the point that the prayer of the original bill was not only for permanent injunction but that complainants be adjudged ''to be the true owners of

the lots above described and (to) cancel the two afore-mentioned pretended tax sales made by the defendant, S. M. Marshall, as clouds on the title of the complainants, etc.'' Counsel for appellees contend that they were not at all interested as parties in the matter of the removal of clouds and that they claim no interest in the land sold, and were not proper parties to any matters save only the injunction. It is further argued that the village was not made a party, although it had bought several pieces of property in such tax sales, nor were other purchasers at the tax sales made parties; further, that relief sought against the appellees was and could only be for injunction.

In the opinion of the chancellor it was stated: ''It therefore follows that all proceedings in the Circuit Court being void, the injunction granted must be dissolved and bill of complaint dismissed.'' In the final decree it was ordered ''that the original bill herein be and the same is dismissed finally as against all of the defendants.'' It was further decreed that ''the temporary injunction heretofore issued in this cause be and the same hereby is forever dissolved.''

It was further made a part of the decree that in view of the offer by complainants to redeem their land if the court should hold the sales to be valid and of the further fact that the statutory period for redemption had in the meantime expired, the complainants were allowed additional time in which to redeem their land from said sales.

■ ■ There is pressed upon our attention the well-established rule that when injunction is sought as an ancillary remedy to other relief, and hearing on the injunction was not had upon a motion to dissolve separate and apart from a hearing upon the merits, no counsel fees would be allowed. Howell v. McLeod, 127 Miss. 1, 89 So. 774; Kendrick v. Robertson, 145 Miss. 585, 111 So. 99; Capital Electric Power Ass'n. v. Franks, 199 Miss. 226, 23 So. (2d) 922; Griffith's Chancery Practice, Section 464.

It is true that in our opinion we stated that the owners of the lots filed their bill seeking an injunction "and to have the former assessments and sales declared null and void, and to remove, as clouds upon their titles, the records of the sales which had been made." [39 So. (2d) 879] In an agreement between counsel made part of the record, it was stated that if "the injunction issued herein should be dissolved with such incidents thereto as the law may provide, the said defendants (shall be) declared to be the lawful officers in their respective capacity of the said village and the original bill should be dismissed."

After careful re-examination of this case, we are of the view that the original opinion should not be disturbed. Such matters as followed upon the actual dissolution of the injunction were but necessary incidents thereof and were matters as to which the appellees had no interest as parties. They were affected only by the issue of the injunction. Jones v. Day, 127 Miss. 136, 89 So. 906, 18 A.L.R. 645. ▮▮ Here the whole relief sought was controlled by the injunction and any incidental relief flowed from and was dependent upon retaining the injunction. Howell v. McLeod, supra.

The suggestion of error therefore must be overruled.