McPHERSON *v.* GULLETT GIN Co. *et al.**

(Division B.    May 12, 1924.)

[100 So. 16.   No. 23878.]

1. CONTRACTS. *No duty implied where private contract states the rights, duties, and liabilities of both parties.*
   In cases of private contract setting forth the rights, duties, and liabilities of both parties thereto, there is no implied duty owed the other by either party, and their rights and liabilities must be measured by the contract.

2. SALES. *Breach of warranty held not available to buyer because of failure to notify seller of defects within time specified in contract.*
   Where the seller of a gin in a written contract with the buyer warrants the gin to perform well, and the contract provides that the purchaser must inform the seller of any defects in the gin within ten days after he begins operations, and that a failure on his part to do so shall be conclusive evidence of the fulfillment of the warranty, a suit for damages for setting fire to cotton be-cause of an alleged defective manufacture or construction of the gin over a year after its sale, and without a notification to the manufacturer or seller of this alleged defect in accordance with the terms of the contract, cannot be maintained.

———————————

*Headnote 1.   Contracts, 13 C. J., section 521;  2. Sales, 35 Cyc., p. 424.

APPEAL from chancery court of Quitman county.
HON. C. L. LOMAX, Chancellor.

Suit by J. J. McPherson against the Gullett Gin Company and others. Decree of dismissal, and complainant appeals. Affirmed.

*Lowrey & Lamb,* for appellant.

The question presented is whether or not the matter alleged in the bill entitles the complainant to recover without reference to the warranty. See 21 A. & E. Ency. of Law 468. Many of the authorities upon which we depend, and to which we shall refer, are with reference to the liability of the seller or manufacturer to persons other than the one with whom the contract or sale is made. All of these authorities proceed upon the fundamental principle that where a person is injured in person or property by negligence of another in making, or selling to him, machinery, etc., and where the injury is the proximate result of the negligence, that is, where the negligence is the proximate cause of the injury, the seller or manufacturer is liable. He is never liable to a third person injured where he would not be liable to the person with whom he dealt, but in many instances he is liable to the person with whom he deals, where he would not be liable to third persons.

One of the well-reasoned cases which has come under our observation is *MacPherson* v. *Buick Motor Company,* 217 N. Y. 382, 111 N. E. 1050, Ann. Cas. 1916C 440. Another automobile case much in point and similar in its reasoning is *Olds Motor Works* v. *Shaffer,* 154 Ky. 616, 140 S. W. 1047, Ann. Cas. 1913 B, 689. See too *Delvin* v. *Smith,* 89 N. Y. 470, 42 Am. Rep. 311. *Barabe* v. *Duhrkop Oven Company* (Mass.), 121 N. E. 415, seems very much in point. *Schubert* v. *Clark Company,* 49 Minn. 331, 32 Am. St. Rep. 559.

*Loop* v. *Litchfield,* 42 N. Y. 351, reported in 1st Am. Rep. 543, involves the question of liability for an injury

caused from a defective wheel used in connection with a woodsaw. The court decided that the defendant was not liable to the plaintiff because the plaintiff was not the purchaser from the defendant, he having used the saw by permission of the purchaser. The non-liability is solely put upon the ground that the plaintiff was not the purchaser from the defendant and that therefore the injury was not the natural and necessary (proximate) result of the negligence.

The case of *Losee* v. *Clute,* 51 N. Y. 494, 10 Am. Rep. 638, involves the question of liability of the manufacturer of a boiler which had exploded and caused damage to property of another person. The court holds that the manufacturer was not liable. 1 Thompson on Negligence (1 Ed.), page 523, lays down the rule.

*Heizer* v. *Kingsland,* 110 Mo. 605, reported 33 Am. St. Rep. 482, arose out of an injury of the plaintiff caused by a defect in a threshing machine sold by the defendant to one Ellis.

We have in this state some cases bearing upon the question here involved. *Pillars* v. *Reynolds Tobacco Company,* 78 So. 365; *Wheeler* v. *Laurel Bottling Works,* 71 So. 743; *Kress & Company* v. *Lindsey,* a Mississippi case, decided by the United States circuit court of appeals, fifth circuit, is reported 262 Fed. 331.

The damages, here claimed in this suit, which is in tort, for negligence, do not arise or grow out of the contract or the warranty. The contract is only effective to bring the parties into privity and thus to make the negligence the proximate and not the remote cause of the damages. *Passinger* v. *Thouburn,* 34 N. Y. 634, reported also 90 Am. Dec. 753; 6 R. C. L. 727.

*Mack & Manship,* for appellees.

The first contention of the appellees is, that regardless of the special contract entered into in this case, that the bill of complaint does not state any cause of action

against the defendant and that the law imposes no liability upon the vendor of this type of an article for damages arising to the property of another on account of any defect in the construction of the article. That it being an article not imminently dangerous the vendor owed no such duty as set out in the bill of complaint. That leaving out any question of warranty the vendor was only under a duty to deliver to the purchaser the article that he purchased. It will be noted that counsel for appellant in his brief states that the damages claimed are in tort for negligence and do not arise or grow out of the contract or the warranty.

"The liability of a vendor or manufacturer for negligence, except as regulated by contract, must arise from breach of a duty which he owes to the public." 29 Cyc. 487; *Heizer* v. *Kingsland Manufacturing Company,* 110 Mo. 605, 19 S. W. 630, 33 Am. St. Rep. 482; *Goodlander Mill Co.* v. *Standard Oil Company,* 63 Fed. 400, 27 L. R. A. 583.

"To such liability knowledge of the defect is requisite." 29 Cyc. 482; *Field* v. *French,* 80 Ill. App. 78; *Oneal* v. *James,* 138 Mich. 567, 110 Am. St. Rep. 321; *Coughley* v. *Globe Woolen Co.,* 56 N. Y. 124, 15 Am. Rep. 387; *Slattery* v. *Colgate,* 21 R. I. 220, 55 Atl. 639; *Zieman* v. *Elevator Mfg. Co.,* 90 Wis. 497, 63 N. W. 1021; *Heizer* v. *Kingsland & Douglas Mfg. Co.,* 110 Mo. 605, 33 Am. St. Rep. 482.

The leading case on this subject is the case of *Winterbottom* v. *Wright,* 10 Mees & W. 109. See, also, *Necker* v. *Harvey,* 49 Mich. 517; *Losee* v. *Clute,* 51 N. Y. 494, 10 Am. Rep. 638; *Curtain* v. *Somerset,* 140 Pa. St. 70, 23 Am. St. Rep. 220.

See, also, *Cadillac Motor Car Company* v. *Johnson,* 221 Fed. 801, L. R. A. 1915E 287. In this case the court says: "We are not persuaded to the contrary by the decision of *McPherson* v. *Buick Motor Company,* 145 N. Y. Supp. 462." We maintain that if there is no liability on the part of the Gullett Gin Company on account of its con-

tract with the complainant, McPherson, then the Gullett Gin Company owed him no duty other than it owed to the general public and as shown by the cases heretofore cited there would be no liability attached to the manufacturer of a gin on account of negligence in the construction of its part toward one with whom it had no contract. The appellant denies that he seeks to hold the appellee liable on account of the contract and yet he claims to be favored above one having no contract. We do not understand that the complainant bases his suit in tort for the breach of contract, express or implied, but take it that he hopes to maintain the suit on the ground of negligence. There can be no recovery for negligence unless the defendant owed a duty to be careful. He certainly owed the complainant no duty unless this duty arose by virtue of the contract on the part of the defendant in the sale of the gin.

It will be seen from this contract that it was clearly contemplated by the parties that the purchaser should have ten days' trial of the gin and if it did not perform well, the seller was to remedy the defect and if the defect could not be remedied and the fault was in the machine itself, the amount of the purchase price of the same was to be credited on the notes *pro rata* or money paid thereon refunded *pro rata* and the purchaser to have or make no claim for any damages of any nature or claim whatsoever, except the refunding of the purchase price of the machine *pro rata.* If there was a defect occasioned by the negligent construction of the Gullett Gin Company and if the saws struck against the ribs in such a manner as to cause the gin to set fire to cotton, it is clear that there was a failure of the warranty. It certainly cannot be said that a gin that sets fire to cotton that it is ginning, ''performs well,'' however the bill of complaint showed on its face that there was no notice to the Gullett Gin Company within the ten days of any defect and the complainant had agreed in his contract that such ten

days' use without notice was conclusive that the Gin was satisfactory.

"A provision is frequently inserted in a contract especially in the sale of a machine when it also contains a warranty that it will work properly, that notice of its failure to work properly will be given the seller, the purpose of which is to enable him to remedy the defect or furnish another machine. It is well settled that such an agreement is binding on the party." 24 R. C. L., section 522, 50 So. 308; 18 A. S. R. 348; 50 L. R. A. (N. S.) 783; 119 A. S. R. 956; *Threshing Machine Company v. McCoy,* 111 Miss. 715, 72 So. 138. We contend that this contract is not against public policy and is not void. That it is not a contract exempting the vendor from liability for his own negligence. The contract merely provides what the measure of damages shall be and the method of ascertaining whether or not the machine shall be considered satisfactory to the purchaser.

Argued orally by *P. H. Lowery* for appellant and *R. E. King* and *Luther Manship* for appellees.

Sykes, P. J., delivered the opinion of the court.

This is an attachment suit in the chancery court, instituted by the appellant, McPherson, as complainant, against the Gullett Gin Company and others. In his bill McPherson seeks to recover damages against the appellee Gullett Gin Company for the burning of a lot of cotton alleged to have been caused by the negligence of the gin company in the improper construction and assembling of a gin. The bill alleges that appellant purchased of appellee two gins on or about the 11th day of October, 1920; that the gin company, in constructing and assembling the gins, carelessly and negligently so arranged the saws and ribs as to cause the saws to come in contact with the ribs, thereby producing friction and heat, resulting repeatedly in setting fire to cotton that was being ginned; that, beginning soon after the gins were installed, cotton being

ginned was frequently set on fire, which fact was usually discovered in time to prevent loss and damage; that appellant was not able to discover the cause of the fire; that on November 4, 1921, while the gins were being properly operated, cotton was set on fire which resulted in the burning up of the cotton here sued for. The written agreement of purchase of this gin, signed by both purchaser and seller, is made an exhibit to the bill. The following warranty constitutes a part of this agreement:

"Said machinery is warranted to be of good material and to perform well, if properly operated by competent persons. Upon starting, if the purchaser at any time within ten days is unable to make same operate well, telegraph or written notice stating where it fails to conform to the warranty is to be given by the purchaser to the Gullett Gin Company, at Amite, La. (and not verbally to any of its traveling men), and reasonable time shall be given the Gullett Gin Company to remedy the defect, the purchaser rendering all necessary and friendly assistance; and, in case trouble be caused from a clearly defined original defect in the machine itself, the Gullett Gin Company reserved the right to replace any defective parts, without charge, but such defective parts, or part, shall not condemn the machine to which it belongs. If on trial the machine cannot be made to fulfill the warranty, and the default is in the machine itself, the amount of the purchase price of the same is to be credited on the notes *pro rata,* or money paid thereon, refund *pro rata;* the purchaser in such case to have nor make any claim for any damages of any nature or character whatsoever against the Gullett Gin Company by reason of the failure of said machine to fulfill the warranty, but the *pro rata* diminution of purchase price aforesaid to be the sole and only element of damage for breach of this warranty. Failure of any article named herein to comply with this aforesaid warranty shall in no way effect this contract, nor the notes and chattel mortgage and trust deed given in accordance therewith as to the other articles named therein.

Failure to make such trial, or to give such notice, or use after ten days without such notice, or use for any ten days without notice, shall be conclusive evidence of the fulfillment of the warranty.  The Gullett Gin Company shall, at the request of the purchaser, render assistance of any kind in operating said machine, or any part thereof, or in remedying any defects at any time said assistance shall in no case be deemed an acknowledgment on its part of a breach by it of this warranty, or a waiver of or excuse for any failure of the purchaser to fully keep and perform the conditions of this warranty.

''The purchaser agrees to properly put up and operate the machinery according to the directions furnished by the Gullett Gin Company, and that, if the fault be traceable to not putting up or operating according to directions, purchaser agrees to pay all expenses incurred in rectifying it.

''Any failure on the part of the purchaser to comply with this contract releases this warranty entirely.''

There was a demurrer interposed to this bill.  Among other grounds therein alleged is one which states that the bill does not state any cause of action.  This demurrer was sustained, complainant declined to amend, and a final decree was entered dismissing the bill, from which decree this appeal is here prosecuted.

It is the contention of the appellant that this is an action in tort for damages for the negligent act of the defendant in selling him machinery defectively manufactured or assembled, which was the proximate cause of the fire; that appellant can maintain this suit, regardless of the terms of the contract; that the cause of action is not for a breach of the warranty or contract; that where the thing manufactured or sold is not necessarily and patently a dangerous instrumentality, but only becomes such by reason of the defect, the manufacturer is not usually liable to persons other than the purchaser, but is liable to the purchaser, because the negligence of the manufacturer is held to be the proximate cause of the

damage, whereas to other persons the negligence is regarded as remote; that in all cases where the manufacturer or seller has been held liable to third persons it would have been liable to the purchaser.

Appellant cites cases where the manufacturer of automobiles was held liable to third persons for defects in the construction of the automobile. *MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440; *Olds Motor Works* v. *Shaffer,* 145 Ky. 616, 140 S. W. 1047, 37 L. R. A. (N. S.) 560, Ann. Cas. 1913B, 689.

In the MacPherson Case, the New York court rests the liability upon the following proposition: "If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully."

In another place in this opinion the New York court is careful to say that it is dealing with the liability of the manufacturer of the finished product who puts it on the market to be used without inspection by his customers.

In the Shaffer Case, *supra,* the court states that the liability of a manufacturer to third persons in cases of this kind is put upon the ground of a public duty owed to every person using the article, which duty is to construct this article so that it will not be unsafe and dangerous. The rule of liability of a manufacturer to third persons is thus well stated in this opinion:

He is held liable "(1) when he is negligent in the manufacture and sale of an article intrinsically or inherently dangerous to health, limb or life; (2) when the maker sells an article for general use which he knows to be imminently dangerous and unsafe and conceals from the purchaser defects in its construction, from which injury

might reasonably be expected to happen to those using it.''

Under the first class are such articles as poisons and drugs.

The liability of the manufacturer in these cases is rested upon his public duty because of the danger to life and limb in the negligent manufacture of automobiles. There was no contract between the parties in those cases.

The rule is thus stated in 29 Cyc. 478:

''The liability of a vendor or manufacturer for negligence, except as regulated by contract, must arise from breach of a duty which he owes to the public.''

''The general rule is that a contractor, manufacturer, vendor, or furnisher of an article is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture, or sale of such article.'' 2 Cooley on Torts (3d Ed.), p. 1486.

One of the exceptions to this rule as stated by Mr. Cooley is that—''A person who knowingly sells or furnishes an article which, by reason of defective construction or otherwise, is imminently dangerous to life or property, without notice or warning of the defect or danger, is liable to third persons who suffer therefrom.''

An interesting case on this subject is *Huset* v. *Threshing Mach. Co.,* 120 Fed. 865, 57 C. C. A. 237, 61 L. R. A. 303. In the opinion in that case it is said that: ''Actions for negligence are for breaches of duty. Actions on contracts are for breaches of agreements.'' See, also, *Heizer* v. *Mfg. Co.,* 110 Mo. 605, 19 S. W. 630, 15 L. R. A. 821, 33 Am. St. Rep. 482.

These cases while instructive upon the duty of a manufacturer to the ultimate purchaser of his article, are not directly in point. In this case there was a contract for the purchase of the gins between the parties to this suit. The undertakings of each party are stipulated thereon. Their rights and liabilities are therein fully stated. There was no necessity for making this contract. No public duty nor public policy required it to be made. It is sim-

ply a private contract between private parties that neither was compelled to make. This contract provides that the seller warrants the machinery to be of good material and to perform well. The bill in effect alleges a breach of this agreement, in that the machinery did not perform well. Had it performed well it would not, of course, have set fire to the cotton. This then was a breach of the contract on the part of the manufacturer. The contract, however, further provides that if the machinery does not operate well the buyer must notify the seller within ten days of this fact. The bill alleges that soon after the gins were installed cotton was frequently set on fire. It does not state whether this happened during the first ten days of the operation of the gin; but, taking the allegations of the bill most strongly against the pleader, it is our duty to assume that these fires started within that time. Under this contract it therefore became the duty of the purchaser to at once inform the seller of this breach of the contract. The buyer failed to do so, but operated the gins without complaint during the ginning seasons for over one year. Under this contract it became the duty of the purchaser to notify the seller as soon as he could of this breach of the contract. By failing to do so the purchaser thereby breached his obligation under the contract. The contract further provides what is to be done by each party in case there is a failure of the warranty in connection with the machinery. In such case their rights and liabilities are measured by this contract. The contract further provides that failure to give this notice after ten days' use shall be conclusive evidence of the fulfillment of the warranty. No such notice was given, and the purchaser by this contract is now estopped from claiming a breach of the warranty. *Threshing Machine Co.* v. *McCoy,* 111 Miss. 715, 72 So. 138.

In case of a private contract of this kind where the duties and liabilities of the parties are both stipulated in the contract, there is no implied or other duty owed by either party, but all of these duties and liabilities are

contained, measured, and governed by the contract. It is said that the suit is an action of tort. The relation, however, between these parties arises from the contract; it is a suit necessarily based upon the breach of a contract. The bill shows that there has been no breach of the contract, or rather that by the terms of the contract the plaintiff is estopped to claim a breach. There then can be no liability on the part of the defendant. The contract precludes any recovery. The case nearest in point cited by counsel is that of *Birdsinger* v. *McCormick Harvester Mach. Co.,* 183 N. Y. 487, 76 N. E. 611, 3 L. R. A. (N. S.) 1047, 5 Ann. Cas. 586. In this case, however, it becomes unnecessary to discuss the question of whether or not the damages here sued for are proximate or remote.

The decree of the lower court is affirmed.

*Affirmed.*