HARRELL *v.* DANIEL & GREENE.*

(Division A.   Nov. 26, 1928.)

[118  So.  899.   No. 27420.]

*Corpus Juris-Cyc. References:  Champerty and Maintenance, 11CJ, section 21, p. 241, n. 9.

*B. F. Bell* and *Will E. Ward,* for appellant.

*Magruder, Walker & Magruder,* for appellees.

Smith, C. J. This is an appeal from a decree overruling a demurrer to a bill of complaint, and is for the purpose of settling the principles of the case.

The bill alleges that the appellant entered into a written contract with the appellees, who were attorneys at law, by which he employed them to sue the Gulf Refining Company for damages alleged to have been sustained by him from a fire caused by the negligence of that company; and that the appellant disregarded this contract and settled his case with the Gulf Refining Company. The prayer of the bill is for a discovery of the amount collected by the appellant from the Gulf Refining Company, and for a decree against the appellant for forty per cent. thereof.

One of the grounds of the demurrer is that this contract is void, for the reason that it violates section 231, Code 1906 (Hemingway's 1927 Code, section 210).

One of the provisions of this contract is that—

"The said Daniel and Green and such other counsel as they may employ, will bear all expenses of said suit, less court costs, and in securing all expert testimony."

The bill alleges that appellant's cause of action against the Gulf Refining Company was "based upon the ignition of volatile gasoline by static electricity, resulting from the improper equipment and operation of its said truck by said Gulf Refining Company and its employees, the true theory of such claim involving scientific principles of great difficulty, and requiring the most careful study, attention and analysis by expert electrical engineers in order that a scientific theory, sound in fact and sound in law, could be worked out which would impose liability for such fire upon said Gulf Refining Company and

its agents and employees, as aforesaid." It further alleges that the appellant was unwilling to incur the expense of employing experts for the purpose of obtaining this information and testimony necessary for the preparation and presentation of his cause against the Gulf Refining Company, and therefore the appellees agreed so to do. The bill further alleges that the appellees employed "at large expense . . . electrical engineers and other experts to work out a legal and scientific theory by which his (appellant's) case against said Gulf Refining Company and its agents and employees could be sustained in the courts," because of which the appellant was enabled to obtain a settlement from the Gulf Refining Company.

Section 231, Code 1906 (Hemingway's 1927 Code, section 210), provides that—

"It shall be unlawful for an attorney at law, either before or after action brought, to promise, or give or offer to promise or give, a valuable consideration to any person as an inducement to placing, or in consideration or having placed in his hands . . . a demand of any kind, for the purpose of bringing suit," etc.

The appellees assumed by their contract to pay the expense of the contemplated litigation with the Gulf Refining Company, other than court costs, a large and necessary part of which was the securing of expert testimony, and without which, it is clear from the allegations of the bill, the litigation could not have been successfully prosecuted. If any doubt could arise on the face of the contract that the agreement to bear this expense by the appellees was an inducement to the appellant to employ them, such doubt is removed by the allegations of the bill from which it is clear that the appellant was unwilling to incur this expense himself. The case, therefore, is clearly within the provisions of the statute. Compare *Grace* v. *Floyd,* 104 Miss. 613, 61 So. 694, in which the statute under consideration was not

called to the attention of the court and not referred to in its opinion, and in which there was an agreement by an attorney to pay the costs in the supreme court in the event a case then pending in the supreme court should be reversed; the consideration for the attorney's promise so to do being the client's agreement that, in the event the case should be affirmed, the attorney should have the five per cent. damages imposed by the supreme court on unsuccessful appellants.

The demurrer should have been sustained.

*Reversed and remanded.*