Y. & M. V. R. Co. *v.* WHITTINGTON.

(In Banc.  Oct. 27, 1941.)

[4 So. (2d) 343.  No. 34702.]

**E. H. Ratcliffs,** of Natchez, and **Lucius E. Burch, Jr., Frank F. Roberson,** and **Clinton H. McKay,** all of Memphis, Tennessee, for appellant.

**Gordon & Gordon,** of Liberty, for appellee.

Argued orally by **E. H. Ratcliffe** and **Frank F. Roberson**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an action begun by the appellee in the court of a justice of the peace to enforce an alleged promise of the appellant to pay him the sum of $95 and interest thereon. The appellee's evidence in support of this promise is in substance as follows: In September, 1932, Mary Whittington, a minor daughter of the appellee, recovered a judgment against the appellant for a personal injury in the Circuit Court of the Second Judicial District of Tallahatchie County for $12,500, the cost in the case being taxed against the appellant. While an appeal therefrom to the Supreme Court was pending, Mary, her attorney, and the attorney who represented the railroad company in that case, met for the purpose of discussing a compromise of the lawsuit. The appellee herein, the father of Mary, attended and participated in this conference by invitation, from whom does not appear, "to come up and see whether it was all right or not." The appellee and his three other daughters, Juanita, Margaret and Letitia, in obedience to subpoenas therefor attended the trial of the case, in which the judgment was rendered, as witnesses for the plaintiff. They failed to prove their attendance as such and consequently the railroad company did not become liable therefor under the judgment against it. The attorney for the railroad company offered $2,800 in settlement of Mary's judgment for $12,500. The appellee considered this too small an amount, but stated at the conference he would approve it provided the rail-

road company would pay to him the expense incurred by him in the litigation, to which he says the attorney for the railroad company agreed. Thereafter, the $2,800 was paid to Mary and her attorney, but the railroad company when called on some time thereafter to comply with its attorney's promise to pay the appellee this $95 declined to do so on the ground that no such promise was made. The appellee and his daughters, Juanita and Margaret, lived in Amite County, and his daughter Letitia lived about twenty miles from the county seat of Tallahatchie County. He paid his and their expenses in attending the trial, and this expense is what he says the attorney for the railroad company agreed to pay. He says, however, that it was agreed that his compensation should consist of the mileage and per diem to which these witnesses would have been entitled had they proved their attendance, the aggregate of which was agreed to be $95. His daughters afterwards assigned to him whatever rights they might have had under this promise.

The error assigned is the refusal of the court below to direct a verdict for the appellant. Several reasons are advanced in support of this assignment, but it will be necessary for us to consider only one, which is that this promise is not of the character that the courts will enforce. The appellee attended this compromise conference manifestly in his daughter Mary's interest, and having assumed so to act, it became his duty throughout the conference to remain loyal to and serve only her. Instead of discharging this duty and remaining loyal to Mary, he transferred his allegiance, in part at least, to the railroad company for a consideration personal to himself, and at best attempted the impossible, i. e., to serve two masters with conflicting interests. This contract is therefore within the category of such as impair or tend to impair the fidelity of a party thereto to a third person with whom his relations are of a fiduciary or confidential character. Such contracts are illegal and will not be enforced by the courts. This is such an ele-

mentary rule of law as not to require authority to support it, but if such be desired, it will be found in Spinks v. Davis, 32 Miss. 152; 2 Rest. Cont., Sec. 570; 17 C. J. S., Contracts, Sec. 198; 12 Am. Jur. Contracts, Sec. 179; 6 Williston on Contracts (Rev. Ed.), Sec. 1737. The court below erred in not directing a verdict for the appellant. Its judgment therefore will be reversed and the cause will be dismissed.

So ordered.