## WHELCHEL v. STENNETT et al.

(In Banc. Jan. 12, 1942. Suggestion of Error Overruled, Feb. 9, 1942.)

[5 So. (2d) 418. No. 34775.]

242

W. E. Gore and J. B. Hutton, Jr., both of Jackson, and John T. Armstrong, of Hazlehurst, for appellant.

244

Butler & Snow, of Jackson, for appellees.

Argued orally by **W. E. Gore** and **J. B. Hutton, Jr.**, for appellant, and by **C. B. Snow**, for appellees.

**Anderson, J.,** delivered the opinion of the court.

L. L. Little, through his attorneys, E. W. Stennett and Ross R. Barnett, appellees in this case, recovered a judgment in the sum of $13,825, against the Sumner Stores, for alleged slander of him by the manager of the store in Jackson. The judgment was paid in full. The appellant, Whelchel, brought this action in the Circuit Court of Hinds county against the attorneys in that case, Stennett and Barnett, to recover 20% of the amount of that judgment. The declaration charges that Little employed Stennett and Barnett as his attorneys, agreeing to pay them a contingent fee of 60% of the amount they might recover; and that they agreed with Whelchel, with the consent of Little, to give him one-third of their fee, which amounted to 20% of the recovery, for his services in working up and furnishing the evidence for the plaintiff, and investigating the juries serving at the term of court at which the case should be tried. Appellees plead the general issue, and gave notice thereunder that if such a contract were made it would be against public policy and void. At the conclusion of the evidence the court directed a verdict for appellees, followed by a judgment dismissing the suit, from which judgment appellant prosecutes this appeal.

Appellees defended upon two grounds: (1) that they made no such contract; (2) that if they did it violated our champerty and maintenance statute, and therefore was against public policy and void. In view of the directed verdict for appellees, we are concerned alone with the second ground. Appellant's proof sustained the allegations of his declaration, and in addition enlarged and emphasized its most material allegations. Leaving off the formal parts, the declaration follows:

''1. On or about November 15, 1938, one L. L. Little conferred with the plaintiff about his having been discharged for the alleged theft of one pair of shoes and a purse, from his employment by Sumner Stores of Missis-

sippi, Incorporated, and on account of slanderous and libelous conversations and communications by employees of said corporation while engaged in and about the business of said corporation.

"2. The plaintiff was at that time, and for a long time prior thereto a duly licensed detective and was engaged in that business in the City of Jackson, Mississippi, and, pursuant to an agreement with the said Little and at his request made an investigation of the matters and things set forth in the next preceding paragraph hereof, and advised the said Little that, in the plaintiff's judgment, the said Little had a good cause of action against said corporation on account of said slanderous and libelous conversations and communications.

"3. The said Little thereupon requested the plaintiff to suggest to him some suitable attorney at law to represent him, the said Little, in a suit against said corporation on account of the said conversations and communications, whereupon, the plaintiff suggested the defendant, E. W. Stennett, as a suitable attorney to represent the said Little in said suit, and the said Little directed the plaintiff to employ the said defendant, Stennett, to represent him in said suit, with which direction the plaintiff complied and the said defendant agreed to represent the said Little in said suit for a contingent fee of 50% of the amount which might be recovered in said action. Thereafter, the plaintiff advised the said Little of said employment, to which the said Little agreed and the said Stennett was thereby employed on the terms aforesaid.

"4. The said defendant, Stennett, was supplied by the plaintiff with information which he acquired as an investigator and the said defendant, Stennett, agreed with, and promised to pay to, the plaintiff one third of the fee to be received by said defendant, in consideration of his services in investigating the facts in relation thereto, and in locating witnesses for the plaintiff and inves-

tigating the jurors who might be and were called for service at the trial of said suit.

"5. Thereafter, the defendant, Stennett, engaged the defendant, Barnett, to assist him in the prosecution and trial of said suit, and the said defendants made a new contract with the said Little, whereby a contingent fee of 60% of the amount recovered should be paid to said defendants for their services in said action, and the defendant, Stennett, advised the plaintiff of said agreement and then and there agreed to pay the plaintiff one third of said contingent fee, that is to say, 20% of the amount which might be recovered in said action, in consideration of the services already, and thereafter, to be performed by the plaintiff in connection with said suit.

"6. The plaintiff charges that the defendant, Barnett, knew of and consented to said payment of said 20% of the amount to be recovered in said action, and the plaintiff continued to perform said services and conferred with and gave information to both of said defendants and performed said services prior to and during the trial of said suit.

"7. Thereafter, the said defendants prosecuted said suit to a conclusion and recovered of and from the corporation aforesaid the sum of $13,825.00, which said corporation paid to said defendants on or about the 19th day of February, 1940, whereby said defendants became indebted and liable to pay to the plaintiff the sum of $2,765.00, together with interest thereon at the rate of 6% per annum from that date."

To start with, we recognize the well established principle that in considering the propriety of a directed verdict, the evidence in favor of the party against whom it is given is presumed to be true, together with all reasonable inferences therefrom. Holmes v. T. M. Strider & Co., 186 Miss. 380, 189 So. 518, 123 A. L. R. 1190, and numerous other decisions of our court. The evidence, if true, showed that appellant employed Little's lawyers (appellees) for him, and agreed to pay them for their services

a contingent fee of 60% of the amount of the recovery that might be had, one-third of which fee, 20% of the whole, he was to receive for his services in furnishing the evidence to support the case and investigating the juries, and that this agreement was ratified and approved by Little. In other words, a fair and reasonable interpretation of the evidence for appellant is that he brought Little's case to appellees, and in consideration therefor, and his help about the evidence and the juries, they agreed to pay him one-third of their contingent fee of 60%. Both of the appellees denied in their testimony that they made any such contract.

We are of the opinion that the contract if made, violated the champerty and maintenance statute, and is therefore against public policy and void. Copy of which statute follows:

"3711. Unlawful to encourage litigation.—It shall be unlawful for an attorney at law, either before or after action brought, to promise, or give or offer to promise or give, a valuable consideration to any person as an inducement to placing, or in consideration of having placed in his hands, or in the hands of any partnership of which he is a member, a demand of any kind, for the purpose of bringing suit or making claim against another, or to employ a person to search for and procure clients to be brought to such attorney.

"3712. Unlawful to encourage litigation—penalty.— Any attorney at law who shall violate the provisions of the preceding section shall be guilty of a misdemeanor and shall be removed and disbarred from acting as an attorney at law, and any person who shall, before or after suit brought, receive or agree to receive from any attorney at law, compensation for services in seeking out or placing in the hands of an attorney a demand of any kind for suit or a compromise, shall be guilty of a misdemeanor."

Section 3711 was construed and applied in Harrell v. Daniel & Greene, 151 Miss. 761, 118 So. 899. The court

held in that case that a contract employing attorneys, wherein the latter assumed to pay the expenses of a contemplated litigation, except court costs, requiring a large amount of expert testimony, in order to be successfully prosecuted, violated the statute. Harrell brought a suit against the Gulf Refining Company for damages for a personal injury sustained by him through the alleged negligence of the defendant. His attorneys, Daniel & Greene, took the case on a contingent fee of 40% of the recovery. Harrell compromised and settled the case with the Gulf Refining Company without the consent of his attorneys, and without the payment of the agreed fee. Thereupon his attorneys sued him for their 40% contingent fee. The court held that they were not entitled to recover, because their contract violated section 3711 of the Code. The controlling facts in that case were the contingent fee and the agreement of the attorneys to pay the expenses of the litigation other than the court costs. It should be borne in mind that this is not a case where the party plaintiff alone employs a helper to get up the evidence to maintain his case. It is a case where both the plaintiff and his attorneys employed the helper, and for his services the helper was to be paid by the attorneys out of their contingent fee. Therefore, the compensation of both the attorneys and the helper was exclusively contingent.

The decisions of courts in other jurisdictions as to what constitutes champerty and maintenance under the common law aid in the proper construction and enforcement of sections 3711 and 3712 of the Code. They are practically unanimous in holding that contracts of the character here involved are void and unenforceable. To enforce such contracts would place too great a temptation on the outside helper to procure false evidence. Its contingent nature would have a tendency to induce perjury and trickery in procuring evidence. Manufacturers' & Merchants' Bureau v. Everwear Hosiery Co., 152 Wis. 73, 138 N. W. 624, 42 L. R. A. (N. S.) 847, Ann. Cas. 1914C, 449; Langdon v. Conlin, 67 Neb. 243, 93 N. W. 389, 60 L.

R. A. 429, 108 Am. St. Rep. 643, 2 Ann. Cas. 834; Bergoff Detective Service v. Walters, 239 App. Div. 439, 267 N. Y. S. 464; Johnson v. Higgins et al., 7 Boyce (Del.), 548, 108 A. 647; Quirk v. Muller, 14 Mont. 467, 36 P. 1077, 25 L. R. A. 87, 43 Am. St. Rep. 647; Lyon v. Hussey, 82 Hun 15, 31 N. Y. S. 281; Holland v. Sheehan, 108 Minn. 362, 122 N. W. 1, 23 L. R. A. (N. S.) 510, 17 Ann. Cas. 687; Neece v. Joseph, 95 Ark. 552, 129 S. W. 797, 30 L. R. A. (N. S.) 278, Ann. Cas. 1912A, 655; Duteau v. Dresbach, 113 Wash. 545, 194 P. 547, 16 A. L. R. 1430.

In a note to the last case cited, on page 1440, the annotator used this language: "Although the courts do not condemn contracts between the parties to a suit and one undertaking to look up evidence for them for a contingent fee, in all cases, *they do hold invalid contracts by which persons agree with the attorneys in the case to furnish the evidence for a share in the fee which the attorney is to receive.*" (Emphasis ours.)

American Law Institute, Contracts, section 540 (subdivisions 1 and 2) is as follows: "(1) 'Maintenance' means the maintaining, supporting or promoting of litigation of another person. (2) 'Champerty' is the division of the proceeds of litigation between the owner of the litigated claim and a party supporting or enforcing the litigation."

It is manifest that the decisions holding valid a contract between a party to a suit alone, and a layman helper, have no application to this case.

We are of opinion that, taking appellant's evidence to be true, it means that appellees, in violation of the statute, promised to give the appellant a valuable consideration as an inducement for having placed the case in their hands. It should be kept in mind, however, in construing the statute, that in addition the promised compensation was entirely contingent upon recovery, and therefore dependent, to a large extent, on the help rendered by appellant in getting up evidence and investigating the juries.

The courts will not enforce such a contract. They will leave the parties where they find them. Contracts in violation of public policy are void. Where the parties participate in a violation of law, and a contract is executed, the courts will not intervene on behalf of either. And the same is true where the contract is executory. Harrell v. Daniel & Greene, supra; McWilliams v. Phillips, 51 Miss. 196; Mitchell v. Campbell, 111 Miss. 806, 72 So. 231; Whittington v. H. T. Cottam Co., 158 Miss. 847, 130 So. 745, 746, 76 A. L. R. 332; Green v. Brown, 159 Miss. 893, 133 So. 153; Grapico Bottling Co. v. Ennis, 140 Miss. 502, 106 So. 97, 44 A. L. R. 124.

Affirmed.