INDEPENDENT LINEN SERVICE CO., INC., *v.* SENNETT.

(Division A. March 22, 1943.)

[12 So. (2d) 530. No. 35261.]

Watkins & Eager, of Jackson, for appellant.

**Harold Cox**, of Jackson, for appellee.

Argued orally by **W. H. Watkins**, for appellant, and by **Harold Cox**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee sued the appellant on a contract by which the appellee agreed "to assist and direct the said company (the appellant) in the recovery of all monies illegally collected from it as sales tax by the . . . State Tax Commission" for which the appellant agreed to pay the appellee "one-third of all amounts so recovered." The evidence discloses that the appellee, pursuant to this contract, prepared a statement from data furnished him by the appellant of the taxes claimed by the appellant to have been illegally collected from it by the State Tax Commission, accompanied by a written agreement very much like a lawyer's brief, setting forth the reasons why the business conducted by the appellant was not within the provisions of Section 2-f, Chapter 113, Laws of 1938, under which the tax was collected, supported by the citation of many authorities claimed to bear thereon. This document was forwarded to the State Tax Commission by the appellant, with a covering letter which had also been prepared by the appellee. Thereafter, two other letters bearing thereon and prepared by the appellee were mailed to the State Tax Commission by the appellant. The State Tax Commission declined to refund the taxes and the

appellant employed an attorney to collect the same by legal proceedings. This attorney having expressed a doubt as to the liability of the state or the State Tax Commission to the appellant for a refund of the taxes, the appellee, at the request of the appellant, had an interview, and discussed the matter, with this attorney, filing with him an additional list of authorities which in his judgment supported the appellant's claim. Thereafter, this attorney, who did not know of the appellee's contract with the appellant, filed a suit in the Circuit Court of Hinds County (Independent Linen Service Co. v. Stone, 192 Miss. 832, 6 So. (2d) 110) and recovered therein the amount of the taxes claimed by the appellant to have been wrongfully collected from it; and this action by the appellee is to recover from the appellant one-third thereof under his contract with it hereinbefore set forth. The appellee, at and prior to the making of this contract and thereafter until after the termination of the appellant's action against Stone for the recovery of the taxes, was an auditor in the office of the State Tax Commission, having been appointed as such by the Chairman of the State Tax Commission under Section 16, Chapter 113, Laws of 1938, which provides: ''The chairman of the state tax commission shall appoint, as needed, such deputies, agents, clerks and stenographers as authorized by law, who shall serve under him, and shall perform such duties as may be required by the commissioner, including the signing of notices, warrants and such other documents as may be specifically designated by the commissioner, not inconsistent with this act, and they are hereby authorized to act for the commissioner as he may prescribe and as provided herein.'' His salary was $160 per month. At the close of the evidence, the court declined a request by the appellant for a directed verdict, but granted a similar request by the appellee and erred in so doing.

While this contract is not expressly condemned by any statute, it violates the implications of Section 16, Chapter 113, Laws of 1938, and tends to thwart the public purpose

of that chapter, which is not only to collect the sales tax imposed, but to enable the state to appropriate the tax to its fiscal needs. The appellee was employed to assist in the accomlishment of that purpose, and when he accepted that employment it became his legal and moral duty to remain loyal to the state, his employer, while that employment remained in force—to do nothing to thwart the purpose for which he was employed to assist in accomplishing. The contract which he here made required him to, and in complying therewith he did, violate this duty. Such contracts public policy forbids the courts to enforce. The appellee attempted to do that which he was without the right to do—to serve two masters with conflicting interest, without the consent of both, Y. & M. V. R. Co. v. Whittington, 191 Miss. 776, 4 So. (2d) 343.

But the appellee says that he did the state no wrong here, for the reason that the appellant's business was not taxable under the statute, and therefore the state had wrongfully collected the tax, and should have refunded it. This question was not for the appellee's decision. Whether the appellant's business was taxable depends on the interpretation given Section 2-f, Chapter 113, Laws of 1938, which question was for decision by the officers charged with the collection of the tax subject, when challenged, to the approval of the courts. Moreover, "Contracts contrary to public policy, that is those which tend to be injurious to the public or against the public good, are illegal and void, even though actual injury does not result therefrom." 17 C. J. S., Contracts, sec. 211; Woodson v. Hopkins, 85 Miss. 171, 37 So. 1000, 38 So. 298, 70 L. R. A. 645, 107 Am. St. Rep. 275. The wisdom of this rule is illustrated here for the evidence discloses that the appellee attempted to induce at least one other taxpayer to enter into a contract for his benefit similar to the one here sued on.

Again the appellee says that his employment by the state was to assist in the collection of taxes and not in the

refunding of taxes wrongfully collected, and therefore he violated no duty he owed the Tax Commissioner or the state in making this contract with the appellant. Under Section 16, Chapter 113, Laws of 1938, the appellee was required to "perform such duties as may be required by the commissioner," among which is, if the commissioner so requires, the duty to assist the commissioner in the auditing of claims for a refund of taxes paid. Section 19, Chapter 119, Laws of 1934; Section 2, Chapter 81, Laws of 1940; Section 2, Chapter 11, Laws of 1942. But, aside from and without that the purpose of the appellee's employment by the state, as hereinbefore stated, was to assist the Tax Commissioner in collecting sales and other taxes for the use of the state in meeting its fiscal needs and this purpose may be as effectually thwarted by aiding a taxpayer to recover taxes paid as by aiding him to evade the payment thereof.

If the employees of the State Tax Commission have, and exercise, the right to advise and assist taxpayers in attempting to recover taxes paid by them, the commission would be handicapped in discharging its duties; for it could not be sure of the loyalty of its employees, and could not afford to deal with them confidentially.

Finally, the appellee says that since the contract has been fully performed by him, he is entitled to recover thereon though the contract should be held to be illegal. This contention is negatived by former decisions of this court, among which are Woodson v. Hopkins, supra; Whelchel v. Stennett, 192 Miss. 241, 242, 5 So. (2d) 418, and by authorities elsewhere. 17 C. J. S., Contracts, sec. 282; 12 Am. Jur. Contracts, Section 213.

The court below should not have granted the appellee's request for a directed verdict but should have granted the appellant's request therefor.

Reversed and judgment here for the appellant.