**UNITED STATES of America,**
Plaintiff,

v.

**MADISON COUNTY BOARD OF EDU-
CATION et al., Defendants.**

Civ. A. No. 63-23.

United States District Court
N. D. Alabama,
Northeastern Division.

May 29, 1963.

Burke Marshall, Asst. Atty. Gen., Macon L. Weaver, U. S. Atty., St. John Barrett and David H. Marlin, Attys. Dept. of Justice, Washington, D. C., for the United States.

Ford, Caldwell, Ford & Payne, Huntsville, Ala., Lange, Simpson, Robinson & Somerville, Reid B. Barnes, Birmingham, Ala., and R. L. Almon, Moulton, Ala., for defendants.

GROOMS, District Judge.

This is an action brought by the United States of America seeking to enjoin the defendants from separating upon the basis of race or color any dependents of military personnel or civilian employees of the plaintiff in the operation of public schools in Madison County, Alabama, and the City of Huntsville. This relief is sought on the ground that the defendants have violated and are violating the assurance given under Chapter 19 of Title 20, United States Code, and particularly Section 636(b) (1) (F), and having by their acts and conduct violated the Fourteenth Amendment to the Constitution of the United States.

The defendants have filed motions to dismiss, asserting that the United States is without right to bring this action and that the complaint fails to state a claim upon which relief can be granted.

The Court has been favored with extensive briefs covering the issues and their respective contentions are vigorously maintained. The Court has heard argument at great length and understands the issues presented.

An identical bill has been filed in the Southern Division of the Southern District of Mississippi, in the case of the United States v. Gulfport Municipal Separate School District et al., D.C., 219 F. Supp. 691. On the 16th day of this

month, the Honorable Sidney C. Mize rendered a decision in that case. In that opinion Judge Mize has covered the various issues presented and has cited numerous cases to sustain the propositions of law involved. To extend this brief order to encompass the scope of that opinion would be to do more than is required or is needful.

The Court is of the opinion that the United States is without authority to maintain this action and, further, that the complaint does not state a claim upon which relief can be granted.

As late as May 13, 1963, the Court of Appeals for the Fifth Circuit [1] refused to hold that the United States has standing to sue under the Fourteenth Amendment. It did reaffirm the principle that the United States is not a "person" under the Fourteenth Amendment nor under the Civil Rights Act. Title 28 U.S.C.A. § 1343.

This Court will not presume to take upon itself the removal of landmarks which are so plainly established.

Section 636(b) (1) (F), above referred to, provides that each application for funds by a local educational agency shall contain or be supported by

"assurance that the school facilities of such agency will be available to the children for whose education contributions are provided in this chapter on the same terms, *in accordance with the laws of the State in which the school district of such agency is situated,* as they are available to other children in such school district; and * * *." (Emphasis supplied.)

■ Repeatedly, the Congress has refused to take any action to deprive the local authorities of the control over their school systems, and it has rejected attempts to attach a desegregation rider on bills granting or purporting to grant federal aid to education. The Court takes judicial knowledge of the fact that the general bill for federal aid to education has been sidetracked more than once because of such attempts.

■ The quoted language of sub-section (F) would certainly encompass the Alabama School Placement Law.[2] By this complaint the plaintiff would simply sidestep the Placement Law which has been held "upon its face" to be constitutional.[3] Under the theory of this complaint, a colored dependent child of federal personnel would have preferred status over all other school children simply because of his color. Of course, it is well established that the law does not require integration but only abolishes discrimination, and until the individual colored children of federal personnel show that they have been discriminated against because of their race or color, the Placement Act would be applicable.

■ When considered as a whole, this complaint, in effect, represents an attempt by the executive arm of the Government to use the judicial arm to bypass the legislative arm in contravention of the principle of separation of powers. Except in the field of voting rights, the Congress has granted the Government no authority to bring such a suit as this.[4] In fact, it has refused to grant such permission.

The remedy and relief provided in the Act under consideration are vested in the Commissioner of Education and not in the Courts. This Court should not thwart the intent of Congress or usurp its powers.

1. United States of America and Interstate Commerce Commission v. City of Jackson et al., 318 F.2d 1.

2. Alabama Acts 1955, p. 492, § 1 et seq., as amended by Acts of 1957, p. 482.

3. Shuttlesworth v. Birmingham Board of Education, D.C., 162 F.Supp. 372, aff'd 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145.

4. The Court takes judicial notice of the fact that a number of individual colored children have filed an action against the Huntsville Board of Education and Others to enjoin such defendants from operating such by-racial school systems. Sonnie Willington Hereford, IV., et al. v. Huntsville Board of Education, Civil Action No. 63–109, in this Court.

Although not necessary to this decision, it may not be amiss to remark that this case illustrates the rule that the hand that extends the benefaction may also attempt to control its use. Our cries to Washington for help have been so loud that they have muted the claims to local control and states' rights. The motions to dismiss are due to be granted.

It is, therefore, ordered, adjudged and decreed that defendants' motions to dismiss be, and each of them, are hereby granted, and this action be and the same is hereby dismissed.